**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BRANDON CELLI, an individual,

    Plaintiff,

v.

THE CITY OF KEY WEST, a political subdivision of the state of Florida; and RAJ RAMSINGH, an individual,

    Defendants.
_____/

Case No: 0:22-cv-61587-XXXX

## COMPLAINT FOR DAMAGES AND DEMAND FOR RELIEF

Plaintiff, BRANDON CELLI, by and through its undersigned counsel, hereby files this Complaint for Damages and Demand for Relief against Defendants CITY OF KEY WEST, a political subdivision of the State of Florida, and Chief Building Official and Building Director for the City of Key West, RAJ RAMSINGH, an individual, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action seeking the recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA"), for declaratory judgment and damages pursuant to Florida's Private Whistleblower Act, Fla. Stat. § 448.101 *et seq*., and for compensatory damages under Florida common law for tortious interference with at-will employment.

1

## PARTIES

2. Plaintiff BRANDON CELLI ("Plaintiff" or "Mr. Celli" hereinafter) is an individual currently residing in Monroe County, State of Florida and is otherwise *sui juris*.

3. Defendant CITY OF KEY WEST ("Defendant City" or "City") is a political subdivision of the State of Florida and is otherwise *sui juris*.

4. Defendant RAJ RAMSINGH ("Defendant Ramsingh") is the Chief Building Official and Building Director for the City of Key West, currently residing in Monroe County, State of Florida and is otherwise *sui juris*.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter jurisdiction pursuant to 29 U.S.C. sections 207 *et seq.*

6. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. section 1367(a) because they form the same case or controversy under Article III of the United States Constitution.

7. Plaintiff's state law claims share all common operative facts, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

8. Based on the acts of misfeasance, malfeasance, and retaliation alleged herein, Plaintiff has an objectively reasonable belief that he will not receive an impartial tribunal, as is his right, if forced to litigate his state claims in a Monroe County Courtroom.

9. Venue lies within this district pursuant to 28 U.S.C section 1391 (b) because Plaintiff resides in this District, Defendants reside and/or are located in this district, and the unlawful employment practices alleged herein occurred in all, or substantial part, in this District.

**COUNT I**
Failure to Pay Overtime Compensation in Violation of the FLSA
as against the City of Key West

10. Plaintiff repeats and re-alleges paragraphs 1 through 9 above, as though fully set forth herein.

11. At all times relevant hereto, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(2)(c), within the last three years and, thus, entitled to the rights, protections, and benefits provided under the FLSA.

12. At all times relevant hereto, Defendant City of Key West was a "Public Agency" within the meaning of U.S.C. § 203(d).

13. Under the provisions of the FLSA, no Public Agency "shall employ any of [its] employees . . . for workweeks longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)–(b).

14. Plaintiff was employed by the City of Key West from the dates of March 9, 2020 through July 8, 2022 with the FLSA "period in question" spanning July 8, 2022 to July 8, 2020.

15. In Plaintiff's work for the City of Key West as a Building Inspector and Plans Examiner, Plaintiff had no managerial duties assigned to him and exercised no independent discretion in the performance of his job duties. As such, Plaintiff was a non-exempt employee with respect to the FLSA and entitled to receive overtime pay for all hours worked that exceeded forty hours in one week.

16. During the period in question, Plaintiff routinely worked hours above the applicable FLSA threshold, in excess to his regularly scheduled hours, resulting in overtime pay obligations for the City of Key West.

17. Plaintiff is informed, believes, and hereby alleges that he regularly worked approximately fifty-five (55) hours per week without receiving either straight time nor overtime for those hours worked over forty (40).

18. During the period in question, Plaintiff was not paid overtime compensation for the hours he worked above the FLSA threshold as required by section 207, thus sustaining damages.

19. Defendant's failure to pay overtime was deliberate, willful, and without good faith or legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation and may seek recovery dating back three (3) years from the filing of this action.

20. Plaintiff demands judgments against Defendant CITY OF KEY WEST, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

**COUNT II**
Violation of the Florida Private Whistleblower Act, Fla. Stat. 112.3187
as against the City of Key West

21. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 9 above, as though fully set forth at length herein.

22. This is an action for violation of Florida's Public Sector Whistleblower Act, section 112.3187 which prohibits agencies from taking retaliatory action against employees who report or disclose information "alleging improper use of governmental office, gross waste of funds, or any other abuse or neglect of duty on the part of an agency, public officer, or employee."

23. At all times material hereto, Plaintiff was an "employee" within the meaning of Fla. Stat. § 112.3187 (3)(b) and a "Building Code Inspector" within the meaning of Fla. Stat. §468.603.

24. At all times material hereto, Defendant City was an "Agency" within the meaning of Florida Statute section 112.3187 (3)(a), which includes "any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative [and] any official, officer, department . . . or political subdivision therein."

25. All conditions precedent to this action have been performed, excused, waived or exhausted.

26. At all times material hereto, Mr. Celli held the title of Building Code Inspector and was qualified for the position he had. Mr. Celli held all appropriate licensure as required by section § 468.609, Florida Statutes.

27. During Plaintiff's employment with the City, Mr. Celli engaged in several statutorily protected disclosures within the meaning of sections 112.3187(5)(a) and 112.3187(5)(b), Florida Statutes to several City officials.

28. Specifically, Mr. Celli made repeated complaints that the City's Building Department was flagrantly violating the provisions of Chapter 468, Florida Statutes, by willfully allowing unlicensed inspectors to perform building inspections in the county of Monroe.

29. More Specifically, the City of Key West hired Ed Keane as a Building Inspector on or around October 1, 2021. As was well known to Defendant City, Mr. Keane was not licensed at the time of his hire as required by Fla. Stat. 468.609(4)(a)–(c), which demands that all building code possess either a standard certificate, a limited certificate, or a provisional certificate.

30. On or around December 2021, Mr. Keane applied for his provisional certificate. This action allowed Mr. Keane to "perform the duties of a plans examiner or building code

inspector for 120 days . . . if such person is under the direct supervision of a person licensed as a building code administrator under this part . . . ." Fla. Stat. 468.609 (7)(d).

31. Said differently, once Mr. Keane submitted his provisional application, he was allowed to perform *supervised* duties within the two categories of work he applied for a provisional license for: (provisional) electrical plans examiner and (provisional) electrical building inspector.

32. During Mr. Keane's provisional period, Plaintiff made complaints that Mr. Keane was not working under the direct supervision of a person licensed under the statute.

33. Specifically, Plaintiff noticed that Mr. Keane was performing inspections without the requisite direct supervision on December 23, 2021.

34. That day, Plaintiff made his first complaint to Raj Ramsingh, his direct supervisor, that he believed the City to be operating in contravention of State law.

35. Specifically, Plaintiff complained that (1) Mr. Keane was performing inspections without supervision; and (2) Mr. Keane was performing (unsupervised) inspections outside of the parameters of his provisional licensure.

36. In response, Plaintiff was told to "do his job," "not question authority," and that "he wasn't a team player."

37. Additionally, Raj Ramsingh told Plaintiff he could "do whatever he wanted with his own license," i.e. free to jeopardize it by his own hand.

38. Soon, Mr. Keane failed to meet the eligibility requirements of obtaining a provisional license and 120 days had expired since his application.

39. Said differently, Mr. Keane was denied licensure due to "lack of demonstrable experience" and was not unable to inspect buildings whatsoever, even if appropriately supervised.

40. After it became known to Plaintiff that Mr. Keane had failed to meet the eligibility requirements of the statute, he escalated his complaints and demanded that Mr. Keane be removed from City payroll on or around February 16, 2022.

41. On that day, Plaintiff threatened to report Mr. Keane's unlicensed activity to the DBPR if the City continued to violate the law.

42. Again, Plaintiff was told to "mind his business" and that it "wasn't his license to worry about."

43. Simultaneously, Plaintiff knew that the results of Mr. Keane's examination were scheduled to be released through public meeting minutes in short order.

44. As that day approached, Plaintiff continued to make complaints about the City's willful violations of law.

45. These complaints include, but are not limited, to those made on April 1, 2022, April 13, 2022, May 4, 2022, May 5, 2022, and May 6, 2022.

46. Each of Plaintiff's complaints described herein constitute individual, protected disclosures under Florida's Public Whistleblower Act.

47. Immediately after Mr. Celli's first disclosure and escalating in parallel with his complaints, Defendant City subjected Mr. Celli to several retaliatory adverse employment actions, which constitute prohibitive employment practices in violation of Fla. Stat. § 112.3187.

48. The retaliatory conduct taken against Plaintiff specifically included, but was not limited, to:

    a) Refusing to escalate Plaintiff's complaints up the proper chain of command;

    b) Refusing to retain evidence of malfeasance and misfeasance submitted by Plaintiff;

    c) Forcing Plaintiff to work under conditions that are willfully violative of state and federal law;

    d) Escalating the level of legal exposure Plaintiff and the City of Key West was subjected to;

    e) Tracking Mr. Celli's every movement through video and photo surveillance to find grounds to effectuate his termination;

    f) Grossly invading Mr. Celli's right to privacy by surveilling him at his home, driving on city streets, and otherwise out in the community, during both working hours and personal rest time;

    g) Scouring GPS records for Mr. Celli's work vehicle without cause when they were not able to physically surveille him, in an attempt to find cause to effectuate his termination;

    h) Scouring Plaintiff's cell phone records to find grounds to justify his termination;

    i) Subjecting Plaintiff to belittlement, unwarranted criticism, and verbal abuse;

    j) Micromanaging Plaintiff without cause;

    k) Disciplining Plaintiff without cause;

    l) Threatening Plaintiff with termination; and

    m) Allowing working conditions to become so unbearable that Plaintiff had no choice but to involuntarily submit his resignation.

49. Defendant City's actions as described above violated The Florida Whistleblower Act and constituted a prohibitive employment practice.

50. As a direct and proximate result of Defendant City's acts as alleged herein, Plaintiff has suffered and continues to suffer substantial economic damages, including but not limited to, losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay and front pay, past, present, and future income, loss of retirement benefits, compensatory damages, lost wages and other employee benefits, all to his detriment, in an amount to be shown according to proof.

51. As a further proximate result of Defendant City's acts as alleged herein, Plaintiff has suffered and continues to suffer emotional distress, ongoing sadness, nausea, nightmares, irritability, nervousness, anxiety, loss of confidence, grief, sleeplessness, helplessness, hopelessness, fear, humiliation, loss of self-esteem, and other general damages, all to his detriment, in an amount to be shown according to proof.

52. Moreover, as a result of Defendant City's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Fla. Stat. §448.104.

53. Plaintiff demands judgment against Defendant City, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**COUNT III**
Tortious Interference with At-will Employment
as against the Defendant Raj Ramsingh

54. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 9 above, as though fully set forth at length herein.

55. At all times material hereto, Plaintiff held the position of Building Code Inspector for the City of Key West.

56. Plaintiff was qualified for the position he held and worked diligently throughout the entirety of his employment with Defendant City.

57. At all times material hereto, Defendant Ramsingh held the position of Chief Building Official and Building Director for the City of Key West.

58. During all times relevant hereto, Defendant Ramsingh was Plaintiff's Direct Supervisor.

59. Plaintiff alleges that at all times relevant to this cause of action, Defendant Ramsingh was not acting within the course and scope of his employment with the City, at least in part, but was acting with ulterior purposes and without honest belief his actions would benefit the City of Key West.

60. During Mr. Celli's employment with the City of Key West, Defendant Ramsingh intentionally and unjustifiably interfered with the terms and conditions of same.

61. Defendant Ramsingh's tortious conduct includes, but is not limited to:

   a) Refusing to escalate Plaintiff's complaints up the proper chain of command;
   b) Refusing to retain evidence of malfeasance and misfeasance submitted by Plaintiff;
   c) Forcing Plaintiff to work under conditions that are willfully violative of state and federal law;
   d) Escalating the level of legal exposure Plaintiff and the City of Key West was subjected to;
   e) Tracking Mr. Celli's every movement through video and photo surveillance to find grounds to effectuate his termination;
   f) Grossly invading Mr. Celli's right to privacy by surveilling him at his home, driving on city streets, and otherwise out in the community, during both working hours and personal rest time;

    g) Scouring GPS records for Mr. Celli's work vehicle without cause when they were not able to physically surveille him, in an attempt to find cause to effectuate his termination;

    h) Scouring Plaintiff's cell phone records to find grounds to justify his termination;

    i) Subjecting Plaintiff to belittlement, unwarranted criticism, and verbal abuse;

    j) Micromanaging Plaintiff without cause;

    k) Disciplining Plaintiff without cause;

    l) Threatening Plaintiff with termination; and

    m) Allowing working conditions to become so unbearable that Plaintiff had no choice but to involuntarily submit his resignation.

62. As a proximate result of Defendant Ramsingh's tortious interference, Plaintiff has suffered substantial losses and damages incurred in lost income, lost future income, bonuses, medical benefits, and other compensation, in an amount to be determined according to proof.

63. Plaintiff demands judgment against Defendant Ramsingh, a trail by jury on all issues so triable, and any other relief the court deems just and proper.

## PRAYER FOR RELIEF AS AGAINST DEFENDANT CITY OF KEY WEST

WHEREFORE, Plaintiff prays judgment against Defendant City of Key West as follows:

1. For compensatory and emotional distress damages in an amount to be shown according to proof;

2. For declaratory judgment that Defendant City has engaged in a prohibitive employment practice under the Florida Whistleblower Act;

3. For an award of interest, including prejudgment interest, at the legal rate;

4. For costs and fees of suit herein incurred; and

5. For such other and further relief as the Court may deem proper.

**PRAYER FOR RELIEF AS AGAINST DEFENDANT RAJ RAMSINGH**

WHEREFORE, Plaintiff prays judgment against Defendant Raj Ramsingh as follows:

1. For compensatory and emotional distress damages in an amount to be shown according to proof;

2. For an award of interest, including prejudgment interest, at the legal rate;

3. For costs and fees of suit herein incurred; and

4. For such other and further relief as the Court may deem proper.

Dated this 26th day of August, 2022.

Respectfully submitted,
By: /s/ A. Andrew OBeidy
A. Andrew OBeidy, Esq.,